IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,743-01






EX PARTE LE JAMES NORMAN








ON NOTICE OF UNTIMELY APPLICATION FOR WRIT OF HABEAS CORPUS

FILED IN CAUSE NO. 06-1-7346


IN THE 24TH JUDICIAL DISTRICT COURT


JACKSON COUNTY






 Per Curiam. 



O R D E R



 This case is before us because it appears that no application for writ of habeas corpus
has been properly filed pursuant to the provisions of Texas Code of Criminal Procedure
Article 11.071. (1)

 The trial court appointed Terry McDonald to represent applicant in a post-conviction
writ of habeas corpus under Article 11.071. On May 7, 2010, the State filed in this Court its
brief on applicant's direct appeal. Pursuant to Article 11.071, § 4(a), counsel should have
filed applicant's writ application in the convicting court no later than June 21, 2010. 
However, the trial court granted counsel's timely motion requesting a 90-day extension for
filing applicant's writ application, making the application due no later than Monday,
September 20, 2010. (2) Art. 11.071, § 4(b). It appears that applicant's writ application was
sent to the district clerk in Victoria County, but it is unclear exactly when and how this
occurred. Furthermore, it is unclear why counsel filed the writ application in Victoria County
when it should have been filed in Jackson County. 

 Therefore, we order Terry McDonald to file an affidavit with this Court stating (1) the
date upon which he filed applicant's writ application, (2) the county where he filed the
application, (3) the specific method he used to file the application, and (4) any other
information that he believes is relevant to our determination of good cause under Article
11.071, § 4A. Counsel's affidavit shall be filed in this Court within fifteen (15) days of the
date of this order.

 IT IS SO ORDERED THIS THE 3RD DAY OF NOVEMBER, 2010.

Do Not Publish 
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.
2. The evidence indicates that the trial court granted applicant's request for an extension
on June 18, 2002, and that the order granting the extension was delivered to the district clerk on
June 21, 2010. This made applicant's writ application due on September 19, 2010. However,
because this date fell on a Sunday, the application would have been timely filed by Monday,
September 20, 2010.